# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

| | |
|---|---|
| MARK BRYAN MATHIES,<br><br>Plaintiff,<br>vs.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | No. C13-4071-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING REPORT AND RECOMMENDATION** |

This case is before me on a Report and Recommendation (R & R) from Judge Leonard Strand, filed on December 9, 2014 (docket no. 26). In the R & R, Judge Strand recommends that I reverse a decision by the Commissioner of Social Security (the Commissioner) denying Plaintiff Mark Bryan Mathies (Mathies) Social Security Disability benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. § 401 *et seq.*, and that I remand the case for further proceedings. Report at 1. More specifically, Judge Strand recommends that on remand, the ALJ:

> [R]econsider the weights given to the medical opinions of record, including but not limited to those of the treating sources (Dr. Hoffman and Dr. Biddle) and the medical expert (Dr. McClure), and to provide good reasons, supported by substantial evidence, for the weight given to each opinion. The ALJ should then consider what effect, if any, this reconsideration has on the remainder of the disability evaluation process (including the assessment of Mathies's credibility).

*Id*. at 22–23. Neither party has filed objections to the R & R. The 14-day window in which parties may file objections is now closed. 28 U.S.C. 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2).

In the absence of an objection, the district court is not required "to give any more consideration to the magistrate's report than the court considers appropriate." *Thomas v. Arn*, 474 U.S. 140, 154 (1985). Because the parties filed no objections, they have waived their right for me to review the R & R *de novo* and their right to appeal from Judge Strand's findings of fact. *United States v. Wise*, 588 F.3d 531, 537 n.5 (8th Cir. 2009). Therefore, I review Judge Strand's R & R under a clearly erroneous standard of review. *See Grinder v. Gammon*, 73 F.3d 793, 795 (8th Cir. 1996) (noting when no objections are filed and the time for filing objections has expired, "[the district court judge] would only have to review the findings of the magistrate judge for clear error."); *Taylor v. Farrier*, 910 F.2d 518, 520 (8th Cir. 1990) (noting the advisory committee's note to Fed. R. Civ. P. 72(b) indicates "when no timely objection is filed the court need only satisfy itself that there is no clear error on the face of the record"). The United States Supreme Court has explained that "[a] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

While I examine Judge Strand's R & R for clear error, I also review the Commissioner's decision to determine whether the correct legal standards were applied and "whether the Commissioner's findings are supported by substantial evidence in the record as a whole." *Page v. Astrue*, 484 F.3d 1040, 1042 (8th Cir. 2007) (quoting *Haggard v. Apfel*, 175 F.3d 591, 594 (8th Cir. 1999)). Under this deferential standard, "[s]ubstantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion." *Krogmeier v. Barnhart*, 294 F.3d 1019, 1022 (8th Cir. 2002); *see also Page*, 484 F.3d at 1042. In reviewing the Commissioner's denial of benefits to determine if it is supported by

2

substantial evidence, the court must "not only . . . consider evidence in the record that supports the Commissioner's determination, but also any evidence that detracts from that conclusion." *Draper v. Barnhart*, 425 F.3d 1127, 1130 (8th Cir. 2005) (citing *Hutsell v. Massanari*, 259 F.3d 707, 711 (8th Cir. 2001)). Nonetheless, even if a court "might have reached a different conclusion had [it] been the initial finder of fact," the Commissioner's decision will not be disturbed "unless the record contains insufficient evidence to support the outcome." *See Nicola v. Astrue*, 480 F.3d 885, 886 (8th Cir. 2007) (citations omitted).

Having independently reviewed Mathies's record, the ALJ's decision, the parties' briefs, and Judge Strand's analytically sound 23-page R & R, I find no clear error. Mathies contends that the administrative record does not contain substantial evidence to support the Commissioner's decision that he was not disabled. In particular, as Judge Strand put it: "Mathies argues the ALJ's decision is not supported by substantial evidence for the following reasons: (a) the ALJ failed to follow the treating physician rule; and (b) the ALJ failed to properly evaluate his credibility." Report at 8. With guidance from Judge Strand's well-written R & R, I turn now to briefly address the two issues raised by Mathies. In the end, I find that the ALJ's determination that Mathies was not disabled is *not* supported by substantial evidence in the record, which necessitates a remand.

First, the ALJ failed to give a sufficient explanation for discrediting Dr. Scott Hoffman's and Dr. W. Paul Biddle's opinions—*i.e.*, the opinions of two treating physicians—and giving greater weight to Dr. Howard McClure, Jr.'s opinion—*i.e.*, the opinion of a consulting source. *Id.* at 18-20. Unlike Dr. Biddle, a practicing cardiologist, and Dr. Hoffman, a practicing family medicine physician, Dr. McClure has not engaged

3

in active practice since 1995,[1] is a "semi-retired internist," and did not examine Mathies. Tr. 174; *see also Nevland v. Apfel*, 204 F.3d 853, 858 (8th Cir. 2003) ("The opinions of doctors who have not examined the claimant ordinarily do not constitute substantial evidence on the record as a whole." (citing *Jenkins v. Apfel*, 196 F.3d 922, 925 (8th Cir. 1999))). Also, unlike Dr. Biddle, Dr. McClure is not a board-certified cardiologist.[2] Tr. 174.

In explaining why the ALJ erred in discounting Dr. Hoffman's and Dr. Biddle's opinions, Judge Strand notes that the "ALJ misinterpreted portions of the relevant records." Report at 18. For example, the ALJ asserted that the record was "essentially silent" as to Mathies's back pain between December 2008 and April 2011. *Id.* However, in making that assertion, the ALJ overlooked Dr. Hoffman's report from December 2010 indicating that Mathies complained of chronic back pain and requested medication, which is significant as Mathies previously declined Dr. Hoffman's offer to prescribe pain medication. Tr. 805, 814. The ALJ also misattributed comments and findings in the record to the wrong physicians. For instance, "two of the three quotations the ALJ attributed to Dr. Biddle were actually authored by other sources." Report at 15. The ALJ also confused one report as being written by Dr. Hoffman, but in reality, it was

---

[1] The record, which includes Dr. McClure's curriculum vitae (CV), provides that Dr. McClure "[r]etired from private practice 1–1–1996." Tr. 174.

[2] This is relevant because Mathies has the following severe impairments: chronic atrial fibrillation, history of congestive heart failure, hypertensive heart disease, obesity, status post left ankle fracture and open reduction and fixation, mild polyneuropathy, benign positional vertigo, degenerative disc disease of the lumbar spine, and cervical spine arthritis with congenital fusion and spondylosis at the C4 through C6 levels. Tr. 13. All that we know from Dr. McClure's CV is that "he completed a one-year cardiology fellowship in 1962." Report at 19–20 (citing Tr. 174–175). However, that CV does not indicate that "he became a board-certified cardiologist or otherwise practiced in that field." *Id.*

written by Dr. Biddle. *Id.* at 16 (citing Tr. 1748–48). As Judge Strand put it, such misattributions "cast[ ] serious doubt on whether [the ALJ] had a meaningful understanding of the record." *Id.* at 18.

In addition, Judge Strand explains why the medical evidence also casts doubt on the ALJ's conclusion that the extensive treatment notes of Dr. Hoffman and Dr. Biddle "fail to substantiate their opinions." *Id.* at 19. This is because both treating physicians' opinions were consistent with the conditions described in their treatment notes. Also, as Mathies argues in his brief, "[t]he opinions from the treating doctors are based on medically appropriate clinical and diagnostic medical findings." Plaintiff's Brief (docket no. 23), 16. Both physicians regularly met with and treated Mathies during his alleged period of disability as to his physical impairments. Even the ALJ recognized "the longitudinal treatment history [Drs. Biddle and Hoffman] established with [Mathies], as well as their respective expertise." Tr. 20. There are extensive notes by both physicians in the record, and the treating physicians' opinions are supported by the record. *Hacker v. Barnhart*, 459 F.3d 934, 937 (8th Cir. 2006) ("For a treating physician's opinion to have controlling weight, it must be supported by medically acceptable laboratory and diagnostic techniques and it must not be 'inconsistent with the other substantial evidence in [the] case record.'" (quoting 20 C.F.R. § 404.1527(d)(2))); *see also Leckenby v. Astrue*, 487 F.3d 626, 632–33 (8th Cir. 2007). Judge Strand also convincingly rebuts the ALJ's reasons for finding Dr. McClure's opinion to be more credible than the opinions of the treating physicians. *Id.* at 19–20.

Reaching the same conclusion as Judge Strand, I find that "the ALJ did not provide an adequate explanation for rejecting the opinions of these two treating sources." Report at 19. Overall, the weight the ALJ allocated to the treating and consultative opinions "is not supported by substantial evidence in the record as a whole." *Id.* at 20; *see also Draper*, 425 F.3d at 1130 ("While a 'deficiency in opinion-writing is not a sufficient

5

reason to set aside an ALJ's finding where the deficiency [has] no practical effect on the outcome of the case,' inaccuracies, incomplete analyses, and unresolved conflicts of evidence can serve as a basis for remand." (quoting *Reeder v. Apfel*, 214 F.3d 984, 988 (8th Cir. 2000); *Boyd v. Sullivan*, 960 F.2d 733, 736 (8th Cir. 1992))); 20 C.F.R. § 404.1527(c)(2) ("We will always give good reasons in our notice of determination or decision for the weight we give your treating source's opinion.").

Second, Judge Strand disagrees with Mathies that the ALJ's evaluation of his credibility was not supported by substantial evidence. Report at 22; *see also Guilliams v. Barnhart*, 393 F.3d 798, 801 (8th Cir. 2005) (noting that courts must "defer to the ALJ's determinations regarding the credibility of testimony, so long as they are supported by good reasons and substantial evidence." (citing *Gregg v. Barnhart*, 354 F.3d 710, 714 (8th Cir. 2003))). Judge Strand is correct that the ALJ referenced the relevant factors and sufficiently explained why Mathies's subjective allegations were given less credence. Tr. 15–16, 23; *see also Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984) (articulating the factors that ALJs consider in determining a claimant's credibility). The ALJ was rightly influenced by the fact that Mathies's subjective allegations regarding his limitations were "inconsistent with the objective medical evidence, the absence of more aggressive treatment, medical opinions, and the evidence as a whole[.]" Tr. 16. Finding the ALJ's explanation to be supported by substantial evidence, Judge Strand "would not recommend remand based *solely* on the ALJ's credibility assessment." Report at 22 (emphasis added). However, because the ALJ must revisit the weight allocated to the medical opinions, Judge Stand reasonably recommends that the ALJ consider the impact of that reweighing on the ALJ's analysis of Mathies's credibility. *Id.*

In sum, I agree with Judge Strand that the ALJ erred by not providing satisfactory reasons, supported by substantial evidence, for giving more weight to the opinions of non-treating sources versus the opinions of treating sources. *Id.* at 22–23. To correct

6

the ALJ's errors, I order that the Commissioner's decision that Mathies was not disabled be reversed, and this case is remanded for further proceedings consistent with Judge Strand's R & R.[3] In particular, I order the ALJ "to reconsider the weights given to the medical opinions of record" and "to provide good reasons, supported by substantial evidence, for the weight given to each opinion." *Id.* Then, the ALJ must "consider what effect, if any, this reconsideration has on the remainder of the disability evaluation process (including the assessment of Mathies's credibility)." *Id.* at 23. The Clerk of Court shall enter judgment against the Commissioner and in favor of Mathies.

**IT IS SO ORDERED**.

**DATED** this 17th day of February, 2015.

*[signature: Mark W. Bennett]*

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA

---

[3] As Judge Strand indicated, because the record does not "overwhelmingly support" a finding of disability, remand is appropriate instead of a reversal for an award of benefits. Record at 21; *see also Buckner v. Apfel*, 213 F.3d 1006, 1011 (8th Cir. 2000) (noting that a court "may enter an immediate finding of disability only if the record 'overwhelmingly supports' such a finding" (citing *Thompson v. Sullivan*, 957 F.2d 611, 614 (8th Cir. 1992))).