IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| MARK BRYAN MATHIES,<br><br>    Plaintiff,<br><br>vs.<br><br>CAROLYN W. COLVIN, Acting<br>Commissioner of Social Security,<br><br>    Defendant. | No. C 13-4071-MWB<br><br>**ORDER REGARDING PLAINTIFF'S APPLICATION FOR ATTORNEY'S FEES PURSUANT TO<br>42 U.S.C. § 406(b)(1)** |

                *I.    INTRODUCTION AND BACKGROUND*

      This case is before me on plaintiff Mark Bryan Mathies's Motion for Attorney's Fees Pursuant to 42 U.S.C. § 406(b)(1) in relation to his application for Social Security Disability benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. § 401 *et. seq.* (Act). Docket no. 33. Mathies filed an application for DIB on May 24, 2011, alleging disability since October 31, 2006. AR 77, 187-95. His application was denied initially. AR 82-90. Mathies requested reconsideration and, on April 24, 2012, the Social Security Administration (SSA) issued a Notice of Award finding Mathies was disabled since October 31, 2006, but was only entitled to benefits beginning in May 2010 due to the date of his application. AR 92-100. Confusingly, however, a separate "explanation of determination" stated that Mathies was found disabled as of February 2, 2011. AR 79.

      On June 7, 2012, Mathies requested reopening of prior DIB applications that had both been denied in 2009 and asked for a hearing before an Administrative Law Judge (ALJ) on the issue of whether those applications should be reopened based on new and material evidence. AR 101. On August 3, 2012, he requested that a fully favorable decision be made on his claim, finding him disabled back to his alleged onset date and reopening his prior applications for benefits. AR 102-05.

A hearing was held before ALJ Emily Cameron Shattil on February 27, 2013. AR 48-75. On March 13, 2013, the ALJ found that Mathies was not disabled at any time from June 1, 2010, through the date he was last insured, effectively reversing the prior decision in his favor. AR 7-32. The Appeals Council denied Mathies's request for review on June 6, 2013. AR 1-6. The ALJ's decision, thus, became the final decision of the Commissioner. AR 1; 20 C.F.R. § 404.981.

On August 1, 2013, Mathies, by and through his attorneys, filed a complaint (docket no. 2) in this court seeking review of the Commissioner's decision. On December 9, 2014, Magistrate Judge Leonard T. Strand[1] recommended that I reverse the decision by the Commissioner denying Mathies DIB under the Act, and that I remand the case for further proceedings. Docket no. 26. Neither party filed objections to the Report and Recommendation. On February 17, 2015, I reached the same conclusion as Judge Strand and ordered that the Commissioner's decision that Mathies was not disabled be reversed, and the case be remanded for further proceedings consistent with Judge Strand's Report and Recommendation. Docket no. 27.

On March 13, 2015, Mathies moved for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"). Docket no. 29. The defendant filed a response indicating no objection to the requested fee amount and I granted the plaintiff's request on April 3, 2015, awarding EAJA fees in the agreed upon amount of $4,883.68, plus a $400.00 filing fee. Docket no. 31.

Plaintiff's attorney, Charles E. Binder, now requests attorney's fees in the amount of $11,457.80, which represents 25 percent of the past due benefits awarded to the plaintiff. Binder requests that the sum be remitted to himself, and upon receipt of that sum, he will refund the previously awarded EAJA fees of $4,883.68 to the plaintiff. The plaintiff's attorney contemporaneously filed an affidavit and schedule of hours, attesting that Charles

---

[1] Magistrate Judge Strand was confirmed as a U.S. District Court Judge on February 18, 2016.

E. Binder and other attorneys spent a combined 26.20 hours working on plaintiff's case. Docket nos. 33-2, 33-3. Mathies's motion also includes, as an exhibit, a U.S. District Court Retainer Agreement and Assignment, which assigns 25 percent of the past due benefits awarded to the plaintiff's attorney's law firm. *Id.*

The defendant has no objection to an award to plaintiff's attorney under Section 406(b) in the amount of $11,457.80. Docket no. 34.

## II. APPLICABLE LAW

As I have explained elsewhere, "[T]he touchstone for determining attorney fees [pursuant to 42 U.S.C. § 406(b)] is *reasonableness*, with an absolute cap on fees set at twenty-five percent of a claimant's past due benefits." *Bell v. Colvin*, 2015 U.S. Dist. LEXIS 25748, *10 (N.D. Iowa Mar. 2, 2015); *see also, Lindstrom v. Astrue*, 2012 WL 860322, *1-2 (N.D. Iowa Mar. 13, 2012); *Wellenstein v. Astrue*, 2011 WL 4963856, *2 (N.D. Iowa Oct. 19, 2011). As mentioned, claimant had a contingency fee agreement with his counsel:

> [Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.

*Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

*Gisbrecht* holds that "[Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security

3

benefits claimants in court." *Id.* at 807. Whether a contingency fee agreement is present in a social security case is relevant, as *Gisbrecht* instructs, but, there is no presumption that such an agreed-upon fee is reasonable. *Id.* at 807 n.17 (2002). Even with the 25 percent boundary, the attorney "must show that the fee sought is reasonable for the services rendered." *Id.* So, 25 percent is the statutory ceiling and I must act as an independent check on such arrangements to ensure that they satisfy the statutory requirement of yielding a "reasonable" result in particular cases. *Id.*

The Supreme Court has further explained that "[c]ourts that approach fee determinations by looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved." *Id.* at 808. Supreme Court Justice Ruth Bader Ginsburg wrote in *Gisbrecht*, "If the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order." *Id.* Additionally, when courts determine the proper amount of attorney's fees, pursuant to § 406(b), "'it is appropriate to consider the amount of attorney fees that might have been awarded under the EAJA.'" *Bell*, at *12 (quoting *Harlow v. Astrue*, 610 F. Supp. 2d 1032, 1034 (D. Neb. 2009).

There are two important policy considerations that courts must balance when considering a fee award in social security cases. "On one hand, fee awards should be substantial enough to encourage attorneys to accept Social Security cases – particularly when the attorney faces a risk of nonpayment." *Wallace v. Barnhart*, 2004 WL 883447, *1 (N.D. Iowa Apr. 22, 2004). "On the other hand, attorneys representing disabled claimants have a duty to protect the claimant's disability award," and awards under § 406(b) are payable only out of a claimant's disability benefits. *Id.*

### *III.* ANALYSIS

Mathies's attorney requests $11,457.80 for 26.20 hours of work. This request comes within the statutory ceiling of § 406(b), as it is 25 percent of Mathies's past due benefits. Likewise, $11,457.80 is consistent with Binder and Mathies's contingency agreement, which also set Binder's fee at 25 percent of Mathies's past-due benefits. Of course, there is no presumption that the agreed-upon fee in this case is reasonable. *See Gisbrecht,* 535 U.S. at 807. Rather, I must evaluate whether Binder has shown that his request is reasonable. Binder persevered through an ALJ denial and remand and, ultimately, achieved a highly favorable result for his client. Therefore, I find that Binder's requested fee of $11,457.80 is reasonable.

Finally, Binder must refund to Mathies the $4,883.68 he received under the EAJA. *See Gisbrecht*, 535 U.S. at 796 ("[T]he claimant's attorney must refun[d] to the claimant the amount of the smaller fee." (internal quotation marks omitted)).

### *IV.* CONCLUSION

THEREFORE, Mathies's Motion For Attorney's Fees Pursuant to 42 U.S.C. § 406(b) is granted. I order payment of $11,457.80 in attorney fees to Charles Binder. As a result, Binder must refund his client the EAJA attorney fees of $4,883.68 already awarded in this case.

**IT IS SO ORDERED**.

**DATED** this 29th day of November, 2016.

_____
MARK W. BENNETT
U.S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA